UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESLEY DEWITT,<br>Plaintiff,<br>v.<br>DANCEONE, *et al.*,<br>Defendants. | Case No. 2:25-cv-3541-DJC-JDP (PS)<br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

Plaintiff Wesley DeWitt, proceeding pro se, brings this action against: DanceOne; DanceOne/Starpower, Inc.; DanceOne National Operations; Break the Floor Productions, LLC; and DanceOne Tours, LLC.[1] Plaintiff alleges that defendants violated his rights during his employment. DanceOne National Operations, LLC and DanceOne Tours, LLC (collectively, for purposes of this order, "defendants") have filed a motion to dismiss the first amended complaint. In response, plaintiff filed the proposed second amended complaint and a motion asking the court for leave to lodge that pleading. Defendants have since filed a motion to strike the proposed second amended complaint. For the reasons stated below, defendants' motions are granted and plaintiff's motion is denied. I will afford plaintiff leave to amend as to some claims, and I

[1] DanceOne, DanceOne/Starpower, Inc., and Break the Floor Productions, LLC have not appeared in this action. I will direct the Clerk of Court to administratively terminate from the docket attorney Felton Thomas Newell, Jr. as counsel for DanceOne, DanceOne/Starpower, Inc., and Break the Floor Productions, LLC.

recommend that other claims be dismissed without leave to amend.

**Background**

The following allegations are taken from the first amended complaint ("FAC") and, for purposes of this order, are assumed to be true. Defendants employed plaintiff as a truck driver "during the 2024-2025 and 2025-2026 touring seasons." ECF No. 11 ¶ 12. "Plaintiff's duties included driving commercial trucks for touring dance events, overseeing load and unload operations, and maintaining vehicle records." *Id.* ¶ 13.

Unlike his prior offer letter, plaintiff's 2025-2026 offer letter "contained a provision titled 'Camera Covering (DOT Compliance).'" *Id.* ¶ 14. Plaintiff's provided vehicle contained an "in-cab camera system that included driver-facing cameras capable of continuously recording Plaintiff's face, body position, eye movements, attention levels, and physical movements inside the cab." *Id.* ¶ 15. In addition to being subject to "AI-assisted monitoring," plaintiff "discovered that others . . . were remotely accessing the camera feeds and monitoring Plaintiff in real time without any advance notice or consent." *Id.* ¶¶ 16-17.

The vehicle provided by defendants also "contained malfunctioning or improperly functioning safety systems, including sensors, auto-braking systems, lane-departure systems, blind-spot detection systems, and cruise-control functions." *Id.* ¶ 22. Although plaintiff reported these issues, defendants "failed to repair the equipment or provide Plaintiff with a safe replacement vehicle." *Id.* ¶ 23.

Plaintiff's 2024-2025 offer letter "provided for a season-end bonus of up to $3,000," and although plaintiff "satisfied the eligibility criteria for the bonus through his performance during the season," defendants "failed to pay Plaintiff's earned compensation and bonus." *Id.* ¶¶ 25-26.

**Procedural History**

Plaintiff initiated this action in December 2025. ECF No. 1. Defendants filed an answer to the original complaint and, in June 2026, filed a motion for judgment on the pleadings. ECF No. 10. Six days later, plaintiff filed the FAC. ECF No. 11. In July 2026, defendants filed a motion to strike the FAC because it was filed without leave of court or defendants' written

consent. ECF No. 14. Later that month, the court denied defendants' motion for judgment on the pleadings and their motion to strike the FAC. ECF No. 24.

On August 20, 2026, defendants filed a motion to dismiss the FAC.[2] ECF No. 25. Six days later, plaintiff filed a proposed second amended complaint without leave of court or defendants' written consent. ECF No. 27. Two days thereafter, plaintiff filed a motion for leave to lodge the proposed second amended complaint. ECF No. 28.

On September 10, 2026, defendants filed a motion to strike the proposed second amended complaint. ECF No. 29. Plaintiff has filed an opposition, ECF No. 30, and defendants have filed a reply, ECF No. 33.

## Motion to Dismiss

### A. Legal Standard

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

In assessing the sufficiency of the pleadings, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of

[2] Plaintiff was required to file an opposition or statement of non-opposition to defendants' motion by September 3, 2026. *See* E.D. Cal. L.R. 230(c). Plaintiff did not comply with that requirement. On September 21, 2026, plaintiff filed an opposition to defendants' motion. ECF No. 32. Given plaintiff's pro se status, I do not construe his failure to file a timely opposition as a non-opposition to defendants' motion.

which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. Those facts must be sufficient to push the claims "across the line from conceivable to plausible." *Id.* at 683. Ultimately, the allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). However, a liberal interpretation of a complaint "may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

**B. Analysis**

In the FAC, plaintiff brings eight claims: (1) violation of California's Consumer Privacy Act ("CCPA"); (2) invasion of privacy; (3) unlawful electronic monitoring; (4) negligence per se; (5) breach of contract; (6) negligence; (7) retaliation; and (8) fraudulent misrepresentation. ECF No. 11 ¶¶ 31-67. Defendants argue that some claims fail as a matter of law while others are insufficiently pled. ECF No. 25 at 5-13. I address the claims in turn, having combined the negligence per se and negligence claims for purposes of this order.

**1. CCPA**

Plaintiff's first cause of action is that defendants violated the CCPA by collecting his information without providing him with a disclosure. ECF No. 11 ¶¶ 31-35. The CCPA provides for a private right of action where a "consumer whose nonencrypted and nonredacted personal information . . . is subject to an unauthorized access and exfiltration, theft, or disclosure as a

result of the business' violation of the duty to implement and maintain reasonable security practices." Cal. Civ. Code § 1798.150(a)(1).

Plaintiff does not plead that his information was "subject to an unauthorized access" by third parties by way of defendants' violations of their duties to maintain reasonable security practices. *See id*. Rather, he states that defendants collected his information "without obtaining Plaintiff's informed consent, and without providing Plaintiff the opportunity to opt out." *See* ECF No. 11 ¶ 34. Further, while plaintiff alleges that defendants shared the recordings with the camera manufacturer system operator, he does not allege that such transmission was by way of defendants' violations of their duties to maintain reasonable security practices. *See id*. ¶ 38. Accordingly, such an allegation cannot, as a matter of law, state a claim under the CCPA. To be sure, nowhere in the FAC does plaintiff allege that unauthorized third parties gained access to his information.

This claim fails as a matter of law and cannot be cured by amendment. *See* ECF No. 25 at 6. Further, in the proposed second amended complaint, plaintiff has abandoned this claim. *See generally* ECF No. 27. I construe plaintiff's omission of this claim as a concession that amendment is futile.

Accordingly, I recommend that plaintiff's claim for violation of the CCPA be dismissed without leave to amend.

**2. Invasion of Privacy**

Plaintiff's second cause of action is that defendants invaded his privacy and thereby violated California Penal Code § 632 and Article 1, section 1 of the California Constitution. ECF No. 11 ¶¶ 36-40. Penal Code section 632 "prohibits the recording only of confidential conversations." *Wilkins v. Nat'l Broad. Co.*, 71 Cal. App. 4th 1066, 1080 (1999). To state a constitutional claim for violation of privacy, a plaintiff must show that: (1) they possessed a legally protected privacy interest; (2) they had an objectively reasonable expectation of privacy; and (3) "the intrusion is so serious in nature, scope, and actual or potential impact as to constitute an egregious breach of the social norms." *Hernandez v. Hillsides, Inc.*, 47 Cal. 4th 272, 287 (2009) (cleaned up).

Regarding his claim under Penal Code section 632, plaintiff does not allege that defendants recorded confidential conversations. *See* ECF No. 11 ¶ 39. Nowhere in the FAC does plaintiff allege that his communications were confidential. As such, this legal theory fails as a matter of law and cannot be cured by amendment. *See* ECF No. 25 at 6. Further, in the proposed second amended complaint, plaintiff has abandoned this theory. *See generally* ECF No. 27. I construe plaintiff's omission of this theory as a concession that amendment is futile.

As for plaintiff's constitutional claim, plaintiff cannot, as a matter of law, establish that he had a reasonable expectation of privacy in the vehicle provided by defendants. Plaintiff alleges that his 2025-2026 offer letter "contained a provision titled 'Camera Covering (DOT Compliance).'" ECF No. 11 ¶ 14. Specifically, this provision stated that "the covering, disabling, tampering with, or obstruction of any in-cab camera, safety monitoring device, or related equipment is strictly prohibited." *Id.* ¶ 19. Plaintiff was on notice that while he was in the vehicle, defendants were recording him. By signing the contract, plaintiff agreed to be recorded. That plaintiff would sometimes rest or sleep in the vehicle does not, as he alleges, transform the vehicle into "a private space" in which he had a reasonable expectation of privacy. *See id.* ¶ 38. Put simply, plaintiff did not have an objectively reasonable expectation of privacy when he was in defendants' vehicle. As such, this theory must fail. *See Hernandez*, 47 Cal. 4th at 287-89.

In the proposed second amended complaint, plaintiff repleaded this constitutional claim. *See* ECF No. 27 ¶¶ 33-38. He does not add any further factual allegations or show that his expectation of privacy was objectively reasonable. In fact, in the proposed amendment, plaintiff alleges that the in-cab camera system issued "hundreds of intrusive voice commands while Plaintiff operated a commercial vehicle," thereby constantly putting plaintiff on notice that he was not in a place in which he had an objectively reasonable expectation of privacy. *See id.* ¶ 37.

Plaintiff's constitutional invasion of privacy claim should be dismissed without leave to amend because amendment would be futile. *See* ECF No. 25 at 7. Plaintiff was put on notice of these pleading deficiencies by defendants' motion to dismiss, and his proposed amendment has failed to correct those deficiencies.

Accordingly, I recommend that plaintiff's invasion of privacy claim—under California Penal Code § 632 and Article 1, section 1 of the California Constitution—be dismissed without leave to amend.

**3. Unlawful Electronic Monitoring**

Plaintiff's third cause of action is that defendants unlawfully electronically monitored him in violation of California Labor Code § 435. ECF No. 11 ¶¶ 41-44. As an initial matter, plaintiff does not establish that section 435 provides for a private right of action. *See Lu v. Hawaiian Gardens Casino, Inc.*, 50 Cal. 4th 592, 596 (2010) ("A violation of a state statute does not necessarily give rise to a private cause of action. Instead, whether a party has a right to sue depends on whether the Legislature has 'manifested an intent to create such a private cause of action' under the statute."). However, even if there were a private right of action under section 435, plaintiff's claim fails as a matter of law because this section only restricts recordings "made of an employee in a restroom, locker room, or room designated by an employer for changing clothes." *See* Cal. Lab. Code § 435(a). Because plaintiff challenges recordings made in defendants' vehicle, section 435 is inapplicable. *See* ECF No. 11 ¶ 43.

As such, plaintiff's unlawful electronic monitoring claim should be dismissed without leave to amend. *See* ECF No. 25 at 9. Further, in the proposed second amended complaint, plaintiff has abandoned this claim. *See generally* ECF No. 27. I construe plaintiff's omission of this claim as a concession that amendment is futile.

Accordingly, I recommend that plaintiff's unlawful electronic monitoring claim be dismissed without leave to amend.

**4. Negligence**

Plaintiff's fourth cause of action is that defendants committed negligence per se by violating certain federal safety regulations, and plaintiff's sixth cause of action is that defendants committed negligence by recording him. ECF No. 11 ¶¶ 45-48, 54-57. As defendants point out, *see* ECF No. 25 at 8, "the doctrine of negligence per se is not a separate cause of action, but creates an evidentiary presumption that affects the standard of care in a cause of action for negligence," *Millard v. Biosources, Inc.*, 156 Cal. App. 4th 1338, 1353 n.2 (2007). As such,

"there still must be a valid underlying cause of action for negligence for the doctrine to apply." *Id.* For a plaintiff to state a claim for negligence, they must show that a breach of duty caused them injury. *Williams v. Beechnut Nutrition Corp.*, 185 Cal. App. 3d 135, 141 (1986). While a physical injury is typically required, a plaintiff may recover for "serious emotional distress" alone "where a reasonable person would be unable to adequately cope with the mental stress engendered by the circumstances of the case." *Belen v. Ryan Seacrest Prods., LLC*, 65 Cal. App. 5th 1145, 1166 (2021).

Plaintiff fails to establish a sufficient injury by any breach on defendants' part. Plaintiff alleges that defendants' safety violations caused him "to operate in unsafe conditions, causing him damages including physical and emotional distress." ECF No. 11 ¶ 48. The alleged violations consisted of "malfunctioning sensors, auto-braking systems, lane-departure systems, blind-spot systems, and cruise-control functions." *Id.* ¶ 47. Plaintiff does not allege that he suffered any physical injury as a result of these violations.[3] While plaintiff claims emotional distress, the alleged violations fall far short of establishing that "a reasonable person would be unable to adequately cope with the mental stress engendered by the circumstances of the case." *See Belen*, 65 Cal. App. 5th at 1166. As such, a negligence claim based on safety violations fails as a matter of law.

Plaintiff alleges that defendants' recording resulted in "loss of control over his personal information, emotional distress, and exposure of his biometric data to unauthorized third parties."[4] ECF No. 11 ¶ 57. Plaintiff does not allege that he suffered any physical injury as a result of defendants recording him. While plaintiff claims emotional distress, the alleged injuries fall far short of establishing that "a reasonable person would be unable to adequately cope with the mental stress engendered by the circumstances of the case." *See Belen*, 65 Cal. App. 5th at

---

[3] Plaintiff's allegation of "physical and emotional distress" is understood as stating the physical manifestations of emotional distress. *See* ECF No. 11 ¶ 48. To be sure, nowhere in the FAC does plaintiff allege any physical injuries during his employment.

[4] As noted, plaintiff does not plead that unauthorized third parties accessed his information. I construe this allegation as stating that plaintiff's biometric data had the potential to be accessed by unauthorized third parties.

1166. As such, a negligence claim based on defendants recording plaintiff fails as a matter of law.

In the proposed second amended complaint, plaintiff repleaded a negligence claim. *See* ECF No. 27 ¶¶ 56-60. This proposed claim is based only on defendants recording plaintiff, not the alleged safety violations. Plaintiff does not correct any of the pleading deficiencies in this claim, namely, that he has not suffered a physical injury and that he has not shown serious emotional distress from the perspective of a reasonable person.

Plaintiff's negligence claim should be dismissed without leave to amend because amendment would be futile. *See* ECF No. 25 at 9. I construe plaintiff's omission of a negligence claim based on safety violations as a concession that amendment would be futile as to that claim. Further, with regard to plaintiff's negligence claim based on defendants recording him, plaintiff was put on notice of pleading deficiencies by defendants' motion to dismiss, and he has failed to remedy those deficiencies.

Accordingly, I recommend that plaintiff's negligence claim—based in safety violations and defendants recording him—be dismissed without leave to amend.

**5. Breach of Contract**

Plaintiff's fifth cause of action is that defendants breached the contract between the parties by failing to pay him all earned compensation. ECF No. 11 ¶¶ 49-53. A breach of contract claim under California law requires the following elements: (1) the existence of a contract; (2) the plaintiff's performance; (3) the defendant's breach; and (4) damages flowing from the breach. *See CDF Firefighters v. Maldonado*, 158 Cal. App. 4th 1226, 1239 (2008).

Plaintiff alleges that his 2024-2025 offer letter "provided for a season-end bonus of up to $3,000 payable within 30 days of the final event of the 2024-2025 season, subject to performance criteria." ECF No. 11 ¶ 25. Plaintiff pleads that he "satisfied the eligibility criteria for the bonus through his performance during the season." *Id.* Nonetheless, plaintiff alleges that "Defendants failed to pay Plaintiff's earned compensation and bonus." *Id.* ¶ 26.

As defendants point out, plaintiff has not sufficiently alleged that he performed or that defendants breached. *See* ECF No. 25 at 9-10. California courts have held that "once a bonus has

been promised as part of the compensation for service, and the employee fulfills all the agreed-to conditions, the promised bonus is considered wages that must be paid." *Neisendorf v. Levi Strauss & Co.*, 143 Cal. App. 4th 509, 522 (2006). Courts in this Circuit have held that a generalized allegation of entitlement to a bonus is insufficient to state a claim for breach of contract. *Rahman v. Google LLC*, 819 F. Supp. 3d 1041, 1047 (N.D. Cal. 2025). Instead, a plaintiff must show that they satisfied the criteria for a bonus. *See id.* Plaintiff fails to set forth the criteria for the bonus and show that he satisfied all such requirements. Consequently, he fails to state a breach of contract claim.

In the proposed second amended complaint, plaintiff does not add further allegations to the criteria for the bonus. *See* ECF No. 27 ¶ 52. While he pleads more allegations regarding his performance, *see id.* ¶ 53, he still fails to show that he was entitled to the bonus based on his performance.

Defendants do not request that this claim be dismissed with prejudice. *See* ECF No. 25 at 10. Because plaintiff can remedy this deficiency through amendment, leave to amend is appropriate. Accordingly, plaintiff's breach of contract claim is dismissed with leave to amend.

**6. Retaliation**

Plaintiff's seventh cause of action is that defendants retaliated against him by failing to respond to his complaints about the conditions of his employment, thereby violating California Labor Code § 1102.5. ECF No. 11 ¶¶ 58-62. "To prove a cause of action under section 1102.5, the plaintiff must establish a prima facie case of retaliation." *Edgerly v. City of Oakland*, 211 Cal. App. 4th 1191, 1199 (2012). To do so, the plaintiff "must show that he or she was subjected to adverse employment action after engaging in protected activity and that there was a causal connection between the two." *Id.* (internal quotation marks and citation omitted). The adverse action must "materially affect[] the terms, conditions, or privileges of employment, rather than simply [showing] that the employee has been subjected to an adverse action or treatment that reasonably would deter an employee from engaging in the protected activity." *McRae v. Dep't of Corr. & Rehab.*, 142 Cal. App. 4th 377, 386 (2006). "Minor or relatively trivial adverse actions by employers or fellow employees that, from an objective perspective, are reasonably likely to do

no more than anger or upset an employee do not materially affect the terms or conditions of employment." *Patten v. Grant Joint Union High Sch. Dist.*, 134 Cal. App. 4th 1378, 1387 (2005).

Plaintiff fails to allege that he experienced any adverse employment action. He alleges that defendants "fail[ed] to respond to good-faith concerns and fail[ed] to remedy the conditions Plaintiff complained about." ECF No. 11 ¶ 61. These allegations fall far short of showing that the terms, conditions, or privileges of plaintiff's employment were materially affected; indeed, defendants' alleged failure to improve working conditions is "reasonably likely to do no more than anger or upset an employee" and thus does not "materially affect the terms or conditions of employment." *See Patten*, 134 Cal. App. 4th at 1387.

In the proposed second amended complaint, plaintiff pleads new allegations regarding adverse employment actions. Specifically, he alleges that defendants: (1) "impos[ed] off-route duties requiring Plaintiff to travel to Defendants' main office to retrieve and transport merchandise on approximately seven occasions"; (2) "threaten[ed] Plaintiff with disciplinary action"; and (3) "subject[ed] Plaintiff to hostile treatment." ECF No. 27 ¶ 64. These allegations are insufficient to establish that the terms, conditions, or privileges of plaintiff's employment were materially affected.

Defendants do not request that this claim be dismissed with prejudice. *See* ECF No. 25 at 12. Because plaintiff can remedy this deficiency through amendment, leave to amend is appropriate. Accordingly, plaintiff's retaliation claim is dismissed with leave to amend.

**7. Fraudulent Misrepresentation**

Plaintiff's eighth and final cause of action is that defendants fraudulently misrepresented that federal law required an in-cab camera in the vehicle. ECF No. 11 ¶¶ 63-67. To state a claim for intentional misrepresentation, the plaintiff must show: "(1) a misrepresentation, (2) knowledge of falsity, (3) intent to induce reliance, (4) actual and justifiable reliance, and (5) resulting damage." *Aton Ctr., Inc. v. United Healthcare Ins. Co.*, 93 Cal. App. 5th 1214, 1245 (2023). Further, California requires that fraud be alleged with particularity. "When affirmative misrepresentation fraud is alleged, [t]his particularity requirement necessitates pleading *facts*

which show how, when, where, to whom, and by what means the representations were tendered." *Rattagan v. Uber Techs., Inc.*, 17 Cal. 5th 1, 43 (2024) (cleaned up; emphasis in original).

As noted, plaintiff alleges that his 2025-2026 offer letter included a "prohibition on covering driver-facing cameras," and he alleges that defendants represented this requirement to be mandated by federal law by labeling this section as "Camera Covering (DOT Compliance)," which plaintiff interprets as representing that the Department of Transportation mandated the in-cab camera. ECF No. 11 ¶¶ 14, 64. Plaintiff alleges that defendants "made this representation knowingly" and intended him to "rely on it in accepting surveillance as legally required rather than voluntary." *Id.* ¶ 65. Further, plaintiff pleads that he "reasonably relied" on the misrepresentation by "submitting to the surveillance program," and that as a result, he "suffered damages including invasion of privacy, emotional distress, and loss of his right to meaningful consent to or refuse the surveillance." *Id.* ¶¶ 66-67.

Plaintiff fails to state a claim for intentional misrepresentation. Specifically, he fails to allege facts showing that defendants knew that any misrepresentation was false, or that it was made with the intent to induce plaintiff's reliance. Plaintiff alleges these legal conclusions but provides no facts to support them. *See* ECF No. 11 ¶ 65. Further, while "damages for emotional distress can be recovered in a fraud cause of action, such damages have been allowed only as an aggravation of other damages" such that "damages for emotional distress alone are not recoverable." *Nagy v. Nagy*, 210 Cal. App. 3d 1262, 1269 (1989). As established, plaintiff has failed to show that he suffered any invasion of privacy, and his allegations demonstrate that he voluntarily signed the agreement, thereby agreeing to be recorded. As such, his only viable damages claim is for emotional distress, which alone cannot support a claim. *See id.* Lastly, plaintiff fails to plead this claim with particularity. He does not allege when he signed the letter, who wrote the letter, or whether any individuals made representations that the in-cab camera was legally required.

In the proposed second amended complaint, plaintiff pleads new allegations. Plaintiff identifies particular individuals in the employ of defendants, but he continues to conclusory allege that defendants had knowledge of falsity and intent to induce reliance. *See* ECF No. 27 ¶¶ 69-72.

Further, plaintiff has omitted his request for emotional distress damages and now relies solely on an alleged invasion of privacy. *See id.* ¶ 74. These allegations are insufficient to establish intentional misrepresentation or satisfy the heightened pleading requirement.

Defendants do not request that this claim be dismissed with prejudice. *See* ECF No. 25 at 13. Because plaintiff can remedy this deficiency through amendment, leave to amend is appropriate. Accordingly, plaintiff's fraudulent misrepresentation claim is dismissed with leave to amend.

**8. Conclusion**

Accordingly, defendants' motion to dismiss, ECF No. 25, is granted with leave to amend as to plaintiff's claims for breach of contract, retaliation, and fraudulent misrepresentation. Further, I recommend that the motion be granted without leave to amend as to plaintiff's claims for violation of the CCPA, invasion of privacy, unlawful electronic monitoring, and negligence.[5]

## Motion for Leave to Amend

### A. Legal Standard

Under Federal Rule of Civil Procedure 15, the court should "freely give" leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). Five factors are used to assess the propriety of a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the party has previously amended its pleading. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (citing *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989)). The standard governing leave to amend is especially permissive where the plaintiff is pro se. *See Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc).

[5] As noted, DanceOne, DanceOne/Starpower, Inc., and Break the Floor Productions, LLC have not appeared in this action. However, all claims in the FAC should be dismissed as to all defendants. *See Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981) ("A [d]istrict [c]ourt may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants.").

**B. Analysis**

I already have considered plaintiff's proposed second amended complaint in determining whether he has stated a claim that appears in the FAC. Because the claims in the proposed second amended complaint suffer from the same pleading deficiencies as those in the FAC, it would only delay proceedings to grant plaintiff's motion, docket the second amended complaint, and then wait until defendants bring a motion to dismiss that restates the reasons identified above. Further, plaintiff is afforded leave to file an amended complaint, and therefore he will not suffer any prejudice by his present motion being denied. Accordingly, I will deny plaintiff's motion for leave to lodge the proposed second amended complaint.

Plaintiff also seeks leave to plead the following three claims that have not been previously alleged: (1) invasion of privacy in violation of California Penal Code § 632.7; (2) violation of the Federal Wiretap Act, codified at 18 U.S.C. § 2511; and (3) unjust enrichment. ECF No. 27 ¶¶ 39-49, 75-79.

There is no evidence or argument of bad faith, undue delay, or prejudice to defendants. Indeed, because plaintiff is afforded leave to amend claims from the FAC, providing leave to bring additional claims will not delay these proceedings. Further, while plaintiff has previously amended, he has done so only once, and that alone cannot be said to preclude his ability to bring new claims, particularly given his pro se status.

As such, the primary consideration regarding each claim is whether it is futile. I find that one claim, namely, unjust enrichment, is futile, and therefore I will not afford plaintiff leave to plead that claim in a future amended complaint. Further, while plaintiff is afforded leave to plead the remaining two claims in a future amended complaint, I find that neither, as currently pleaded, state a claim. To guide amendment and put plaintiff on notice of pleading deficiencies, I analyze those claims below.

**1. Invasion of Privacy Under Section 632.7**

Plaintiff claims that defendants invaded his privacy in violation of Penal Code section 632.7 by recording him in the vehicle. ECF No. 27 ¶¶ 39-43. Section 632.7 criminalizes "[e]very person who, without the consent of all of the parties to a communication, intercepts or receives

and intentionally records, or assists in the interception or reception and intentional recordation of, a communication transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone . . . ." Cal. Penal Code § 632.7(a).[6]

Plaintiff alleges that the in-cab camera "intercepted and recorded audio communications and commands transmitted to and from Plaintiff's vehicle without Plaintiff's meaningful consent." ECF No. 27 ¶ 40. He also pleads that the camera "intercepted, recorded, or transmitted audio communications involving Plaintiff." *Id.* ¶ 41.

These allegations are insufficient to state a claim under section 632.7. Plaintiff does not allege that the camera recorded "a communication transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone." *See* Cal. Penal Code § 632.7(a). Indeed, plaintiff does not specify what "audio communications" were recorded. *See* ECF No. 27 ¶ 40.

Because plaintiff could cure this deficiency, amendment does not appear futile, and therefore plaintiff is afforded leave to plead this claim in a future amended complaint.

**2. Federal Wiretap Act**

Plaintiff claims that defendants violated the Federal Wiretap Act by intercepting his communications. ECF No. 27 ¶¶ 44-49. "The Wiretap Act prohibits the unauthorized 'interception' of an 'electronic communication.'" *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 606 (9th Cir. 2020). However, the act provides that "[i]t shall not be unlawful under this chapter for a person not acting under color of law to intercept a wire, oral, or electronic communication where such person is a party to the communication or where one of the parties to the communication has given prior consent to such interception unless such communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or of any State." 18 U.S.C. § 2511(d).

[6] While section 632.7 provides only for criminal penalties, section 637.2 creates a private right of action for anyone injured by a violation of section 632.7. *See* Cal. Penal Code § 637.2(a).

As established, plaintiff consented to the in-cab camera. Plaintiff does not allege that defendants intercepted his communications "for the purpose of committing any criminal or tortious act." *See id*. As such, plaintiff fails to state a claim for violation of the Federal Wiretap Act.

Nowhere in his pleadings does plaintiff allege that defendants recorded him "for the purpose of committing any criminal or tortious act." *See id*. However, amendment is not futile because plaintiff could plead this allegation. Accordingly, out of an abundance of caution, plaintiff is afforded leave to plead this claim in a future amended complaint.

**3. Unjust Enrichment**

Plaintiff claims that defendants were unjustly enriched by the in-cab camera. ECF No. 27 ¶¶ 75-79. "There is no cause of action in California labeled 'unjust enrichment.'" *City of Oakland v. Oakland Raiders*, 83 Cal. App. 5th 458, 477 (2022). "Rather, an unjust enrichment claim is grounded in equitable principles of restitution." *Sepanossian v. Nat'l Ready Mixed Concrete Co.*, 97 Cal. App. 5th 192, 207 (2023). "Unjust enrichment is generally an inapplicable basis for restitution where the parties have an enforceable express contract." *Id.*

Plaintiff alleges that defendants "obtained substantial benefit" from the camera recording and that, consequently, "[i]t would be unjust and inequitable for Defendants to retain the benefits derived from their unlawful surveillance." ECF No. 27 ¶¶ 76-78. However, plaintiff alleges that he signed a contract with defendants that allowed defendants to record him. As such, "he cannot assert a quasi-contract claim for restitution based on unjust enrichment." *See Sepanossian*, 97 Cal. App. 5th at 207.

Amendment would be futile because plaintiff has already alleged that the ability of defendants to record him is governed by contract; consequently, unjust enrichment is unavailable as a matter of law. Plaintiff is therefore not afforded leave to plead this claim in a future amended complaint.

**4. Conclusion**

Accordingly, while plaintiff's motion for leave to amend, ECF No. 28, is denied, plaintiff is afforded leave to plead in a future amended complaint claims under California Penal Code § 632.7 and the Federal Wiretap Act.

**Motion to Strike**

**A. Legal Standard**

Federal Rule of Civil Procedure 12(f) provides that courts "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 966-67 (9th Cir. 2014) (internal quotations omitted). Under this authority, courts in this Circuit have stricken amended complaints filed in violation of the Federal Rules of Civil Procedure. *See, e.g.*, *Warren v. City of Las Vegas, Nevada*, No. 2:23-cv-0065-GMN-DJA, 2025 WL 89761, at *1 (D. Nev. Jan. 13, 2025).

**B. Analysis**

Defendants have filed a motion to strike plaintiff's proposed second amended complaint. ECF No. 29. While motions to strike pro se complaints are generally disfavored, this motion is granted. This is the second time that plaintiff has responded to a dispositive motion by filing an amended complaint without leave of court or defendants' written consent. Under Federal Rule of Civil Procedure 15, plaintiff may amend his pleading only with leave of court or defendants' written consent. *See* Fed. R. Civ. P. 15(a)(2). Plaintiff is reminded of his obligation to comply with the Federal Rules of Civil Procedure in prosecuting this action. *See* E.D. Cal. L.R. 183(a) ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.").

In opposing any future motion to dismiss, plaintiff may request leave to amend and explain why amendment is not futile. But the continued practice of filing an amended complaint in response to a dispositive motion will not be tolerated; holding otherwise could delay this case indefinitely. Further, because plaintiff is afforded leave to file an amended complaint, he will not suffer any prejudice by the proposed second amended complaint being stricken.

Accordingly, defendants' motion to strike, ECF No. 29, is granted. I will direct the Clerk of Court to strike the proposed second amended complaint at ECF No. 27.

**Conclusion**

Accordingly, it is hereby ORDERED that:

1. Defendants' motion to dismiss, ECF No. 25, is GRANTED with leave to amend as to plaintiff's claims for breach of contract, retaliation, and fraudulent misrepresentation.
2. Plaintiff's motion for leave to file the second amended complaint, ECF No. 28, is DENIED. However, in an amended complaint, plaintiff may plead claims under California Penal Code § 632.7 and the Federal Wiretap Act.
3. Defendants' motion to strike the second amended complaint, ECF No. 29, is GRANTED.
4. Plaintiff's second amended complaint, ECF No. 27, is STRICKEN.
5. Plaintiff may file an amended complaint titled "Second Amended Complaint" within twenty-one days of this order. Plaintiff is afforded leave to amend only as to the following five causes of action: (1) breach of contract; (2) retaliation; (3) fraudulent misrepresentation; (4) invasion of privacy under section 632.7; and (5) violation of the Federal Wiretap Act. Plaintiff may not plead new claims or legal theories without first obtaining leave of court or defendants' written consent. Failure to file a timely amended complaint will result in a recommendation that this action be dismissed for failure to state a claim.
6. The Clerk of Court is directed to administratively terminate from the docket attorney Felton Thomas Newell, Jr. as counsel for DanceOne, DanceOne/Starpower, Inc., and Break the Floor Productions, LLC.

Further, it is hereby RECOMMENDED that defendants' motion to dismiss, ECF No. 25, be GRANTED without leave to amend as to plaintiff's claims for: violation of California's Consumer Privacy Act; invasion of privacy under California Penal Code § 632 and Article 1, section 1 of the California Constitution; unlawful electronic monitoring; and negligence.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: November 16, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE